UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| De'SHAWN DeKKERIO DEAN,<br><br>Petitioner,<br><br>v.<br><br>J. ROBERTSON,<br><br>Respondent. | No. 2:18-cv-01287 TLN GGH P<br><br><br>ORDER |

*Introduction*

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction on first-degree robbery and assault by means of force likely to produce great bodily injury. Respondent has filed an answer raising that petitioner has failed to exhaust his state court remedies, and alternatively, that the claims are meritless. ECF No. 10. Petitioner has filed a traverse. ECF No. 14.

*Procedural Background*

    Petitioner pleaded no contest to first-degree robbery (Butte County Superior Court Case No. CM043839) and pleaded guilty to assault by means of force likely to produce great bodily injury (Butte County Superior Court Case No. CM043775). ECF Nos. 11-1 at 78-79, 80-81, 82-86. The parties stipulated to the factual basis for the plea could be taken from the probation report and stipulated to a seven-year prison lid. Id. at 82-86. On January 26, 2017, petitioner was

1

sentenced to seven years in state prison. ECF No. 11-1 at 144-145.  Petitioner received a six-year sentence for first-degree robbery and received a one-year sentence for assault by means of force likely to produce great bodily injury, which was to be served consecutively. Id. at 144.

Petitioner, through counsel, filed a Wende[1] brief with the Third Appellate District, Court of Appeal ("Court of Appeal"). ECF No. 11-3.  Prior to the Court of Appeal rendering a decision, petitioner filed a petition for writ of habeas corpus with the Butte County Superior Court raising a single claim alleging illegal sentencing. ECF No. 11-5.  On September 26, 2017, Butte County Superior Court denied the petition citing that the court lacked jurisdiction to address the matters presented due to a pending appeal in the appellate court. ECF No. 11-6 at 2 (citing France v. Superior Court of State of California in & for Los Angeles Cty., 201 Cal. 122, 132-33 (1927); People v. Mayfield, 5 Cal. 4th 220, 224-25 (1993)).  The Superior Court also denied the petition because it asserted "claims that were raised, or could have been raised, on appeal. Petitioner has failed to establish an exception to the rule barring reconsideration of such claims." Id. (citing In re Harris, 5 Cal. 4th 813, 825-26 (1993); In re Waltreus, 62 Cal. 2d 218, 225 (1965); In re Dixon, 41 Cal. 2d 756, 759 (1953)).  Prior to the Superior Court's decision, on September 18, 2017 the Court of Appeal affirmed the judgment. ECF No. 11-4.  Thereafter, a petition for writ of habeas corpus alleging a single claim for illegal sentencing was filed again with the Court of Appeal, and summarily denied on January 11, 2018. ECF Nos. 11-7, 11-8.  Petitioner filed a habeas petition with the California Supreme Court raising a single claim for illegal sentencing, which was summarily denied on April 18, 2018.  ECF Nos. 11-9, 11-10.

On May 14, 2018, petitioner filed the instant federal petition.  ECF Nos. 1 (petition), 2 (order transferring the case to the Sacramento Division).

*Factual Background*

On his direct appeal, the Court of Appeal summarized the case as follows:

> According to the probation report, defendant and three other individuals entered a residence through an unlocked sliding glass door and took property from four persons inside. That same month, defendant entered the home of the 17-year-old mother of his infant

---

[1] People v. Wende, 25 Cal. 3d 436 (1979).

2

> child, found her with another man, struck her repeatedly and attempted to strangle her.
>
> Defendant pleaded no contest in case No. CM043839 to first degree robbery (Pen. Code, § 213, subd. (a)(1)(B)), and he pleaded guilty in case No. CM043775 to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), in return for dismissal of all other counts and allegations with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) and a stipulated seven-year state prison lid. The parties stipulated that the factual basis for the plea could be take from the probation report.
>
> The trial court sentenced defendant to seven years in state prison, awarded 524 days of presentence credit (456 actual days and 68 conduct days), and ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373) in each case, retaining jurisdiction over victim restitution.

ECF No. 11-4 at 3 (footnote omitted).

*Discussion*

Petitioner raises two claims in his petition: (1) the trial court imposed an illegal sentence; and (2) ineffective assistance of trial counsel. ECF No. 1 at 5. In his first claim, petitioner argues that he was "illegally sentenced" to the upper term of 6 years for his conviction of first-degree robbery instead of receiving the "mid-term for the robbery" due to a lack of aggravating circumstances. Id. at 5-6. In his second claim, petitioner argues that his counsel rendered ineffective assistance of counsel because his trial counsel failed to "contest" or "challenge" the aggravating circumstances during sentencing. Id. Respondent argues that both of petitioner's claims are unexhausted, and alternatively, meritless. Because the petition is mixed, the undersigned will only address respondent's exhaustion argument.

*Exhaustion*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. Here, respondent has not waived exhaustion. A petitioner

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

### 1. Claim One—Illegal Sentencing

As mentioned above, the California Supreme Court summarily denied petitioner's state habeas petition without any comment. ECF No. 11-10. In his petition to the California Supreme Court, petitioner's sole ground for relief stated that "the trial court imposed an illegal sentence." ECF No. 11-9 at 4. Petitioner presented the following supporting facts in his California Supreme Court petition:

////

4

> I was illegally sentenced to 7 years. I received the upper term of 6 years for a 1st degree robbery along with the 3rd of the mid-term for assault by means likely to produce great bodily injury, resulting in an additional year to be served consecutively. There were no aggravating circumstances in my case that warranted me receiving the upper-term instead of the mid-term for the robbery. The judge used the assault to aggravate my sentence to the upper-term. Yet, the robbery and the assault are separate and unrelated cases. I have no history of violence and I have no prior convictions for robbery. No one was physically injured during the commission of said robbery. I should have received the mid-term of 4 years for the robbery along with the additional year for a totally of 5 years[.]

ECF No. 11-9 at 4 (citing Cunningham v. California, 549 U.S. 270 (2007); People v. Black, 41 Cal.4th 799, 816 (2007); Apprendi v. New Jersey, 530 U.S. 466, 488-490 (2000)). It is clear from the record that petitioner has satisfied the exhaustion requirement by fairly presenting his claim alleging illegal sentencing to the highest state court. Here, petitioner has described the operative facts and the legal theory upon which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

### 2. Claim Two—Ineffective Assistance of Counsel

The record also shows that petitioner has failed to exhaust state court remedies as to his second claim based on ineffective assistance of counsel. Moreover, petitioner concedes that this claim is unexhausted. See ECF No. 1 at 7 (Claim two "wasn't in any previous petition or appeal. I was unaware, until the drafting of this particular petition of the existence of such and argument."); see also ECF No. 14 at 2 ("I did bring a new claim in the federal habeas corpus that wasn't in my previous claims. The new claims significance was brought to my attention after the California Supreme Court had already denied my petition.")

*Stay and Abeyance*

"[A] district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose, 455 U.S. at 510.

Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines v. Weber, 544 U.S. 269, 277 (2005). Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the

claims remain pending in federal court[.]" King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).[3]
However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78.

In the alternative, under Kelly a petitioner may (1) amend his petition to delete the unexhausted claims; (2) seek a stay of the remaining fully exhausted claims, allowing the petitioner an opportunity to proceed to state court to exhaust state remedies; and (3) later amend his petition to restore the deleted claims once they are fully exhausted. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Although this procedure does not require the showing of good cause, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them *only if those claims are determined to be timely*." King, 564 F.3d at 1140-41 (emphasis added). Consequently, this procedure could potentially jeopardize claims from potentially being time-barred.

Petitioner will be afforded an opportunity to file a motion for stay and abeyance pursuant to Rhines or Kelly for his failure to exhaust his claim for ineffective assistance of counsel. Alternatively, if petitioner does not wish to seek a stay, he must delete his unexhausted claim and file an amended petition containing only exhausted claims.

Accordingly, IT IS HEREBY ORDERED that petitioner shall be granted 30 days to file a request for a stay, or alternatively if petitioner does not wish to seek a stay, file an amended petition listing only exhausted claims.

Dated: April 18, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[3] This assumes, of course, that the unexhausted claims were either timely brought, or that they can relate back to timely claims in the original petition.