UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| De'SHAWN DeKKERIO DEAN,<br><br>    Petitioner,<br><br>    v.<br><br>J. ROBERTSON,<br><br>    Respondent. | No. 2:18-cv-01287 TLN GGH P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 18, 2019, after reviewing briefing by the parties, the undersigned issued an Order concluding that petitioner's petition consisted of one exhausted and one unexhausted claim. See ECF No. 16. The court provided petitioner with the opportunity to file a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)), for petitioner's failure to exhaust his second claim for ineffective assistance of counsel. Id. Alternatively, petitioner was provided the option to delete his unexhausted claim and file an amended petition containing only exhausted claims if he did not wish to seek a stay. Id. After failing to file his motion for a stay or an amended petition within the requisite deadline, the court ordered petitioner to show cause in

1

writing within 14 days, why this matter should not be dismissed for failure to prosecute and/or to follow a court order. ECF No. 18. On the same day, petitioner's motion to stay pursuant to Kelly as well as an amended petition containing only his exhausted claim was filed. ECF Nos. 19, 20.

Under Kelly, a district court may stay a habeas petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may later be restored through an amended petition once fully exhausted. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Id. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 19) be GRANTED and this action be administratively stayed pursuant to Kelly; and

2. Petitioner shall inform the court within thirty days of exhausting his claims in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////

////

////

2

objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE