UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'SHAWN DEKKERIO DEAN,<br><br>Petitioner,<br><br>v.<br><br>J. ROBERTSON,<br><br>Respondent. | No. 2:18-cv-01287 TLN GGH P<br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

Petitioner is convinced that the state courts erred in finding his sentence correctly imposed due to his belief that the upper term (six years) was imposed without sufficient aggravating circumstances. ECF No. 29 (First Amended Petition; Claim 1). He may also be contending that the upper term was imposed without an appropriate jury finding. After a stay granted by this court pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003),[1] petitioner added an ineffective

////

---

[1] Overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

1

assistance of counsel claim asserting that counsel did not contest the legality of the aggravating circumstances used to impose the upper term; Claim 2.

For the reasons stated herein, Claim 1 is a matter of state law not appropriately reviewed in federal habeas corpus. To the extent Claim 1 is based upon <u>Cunningham v. California</u>, 549 U.S. 270 (2007), petitioner's plea, as opposed to trial, precludes such an issue. Moreover, Claim 2 is barred by the AEDPA[2] limitations statute.

*Factual Background*

Petitioner pled no contest and guilty[3] respectively to first degree robbery and assault likely to produce great bodily injury and was sentenced in January 2017. ECF No. 11-2 at 10.  The parties stipulated that the factual basis for the plea could be taken from the probation report, and according to the California Court of Appeal, Third Appellate District ("Court of Appeal"), stipulated to a maximum total incarceration of seven years. ECF No. 11-4 at 3.  He was sentenced to the upper term of six years for the robbery and a consecutive one year for the assault. ECF No. 11-1 at 144. The upper term was imposed on the robbery charge because of the presence of aggravating factors. <u>Id.</u> at 142.  Defense counsel filed a <u>Wende</u> brief ,[4] and on September 18, 2017, the Court of Appeal found no arguable issue on appeal.  ECF No. 11-4. No petition for review was filed with the California Supreme Court.

A state habeas petition was filed in Butte County Superior Court on September 5, 2017. The one issue raised involved petitioner's belief that the facts constituting aggravating circumstances were otherwise insufficient and/or had never been proved beyond a reasonable doubt. ECF No. 11-5 at 4. On September 26, 2017, the petition was denied on procedural grounds because the appeal was then pending, and the issue was susceptible of being raised on appeal. ECF No. 11-6. The next petition in the Court of Appeal was filed on January 8, 2018 and raised the same issue. ECF No. 11-7 at 4. The petition was summarily denied on January 11, 2018. ECF

---

[2] On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions.

[3] For purposes of the issue presented here, the type of "guilty" plea entered is inconsequential.

[4] <u>People v. Wende</u>, 25 Cal. 3d 436 (1979).

No. 11-8. On February 5, 2018, a petition was filed with the California Supreme Court, raising the lack of sufficient aggravating facts. ECF No. 11-9. The California Supreme Court summarily denied the petition on April 18, 2018. ECF No. 11-10.

Soon, thereafter, on May 14, 2018, the federal petition was filed raising the lack of sufficient aggravating factors issue, and also a new ineffective assistance of counsel claim related to the lack of objection to the dearth of aggravating circumstances. ECF No. 1. Respondent's Answer contested the exhaustion of all claims, but Claim 1, although perhaps procedurally defaulted, had been exhausted in the state supreme court habeas petition. ECF No. 10. The traverse, filed on October 2, 2018, generally contested respondent's exhaustion assertions. ECF No. 14.

On April 18, 2019, the undersigned ordered petitioner to file a request for stay, or, file an exhausted claim only petition. See ECF No. 16. The court's April 18, 2019 order affirmed the fact that Claim 1 had been exhausted, but Claim 2 (ineffective assistance of counsel) was not. The undersigned advised petitioner of both the Rhines stay[5] and prerequisites, as well as the less rigorous Kelly stay. Petitioner was specifically advised, however, that a Kelly stay might be ineffective if the to-be-exhausted claim was violative of the AEDPA statute of limitations.

Petitioner filed a tardy response to the court order on May 28, 2019 in which he requested a Kelly stay. ECF No. 19. Petitioner had also filed the exhausted claim only in his First Amended Petition on that same day. ECF No. 20. After Findings and Recommendations were filed recommending the stay, ECF No. 21, the district judge authorized the stay on August 2, 2019, ECF No. 23. After exhaustion, a "new" First Amended Petition was filed on September 25, 2020 adding the now exhausted ineffective assistance claim. ECF No. 29. A new Answer was filed on December 28, 2020. ECF No. 34.

////
////
////
////

---

[5] Rhines v. Weber, 544 U.S. 269 (2005).

3

*Discussion*

<u>Claim One</u>

Claim 1, asserting that the aggravating circumstances were insufficient and/or should have been found by a jury fails for two reasons: (1) federal courts reviewing habeas claims do not review compliance with state sentencing law; and (2) one cannot complain about the lack of a jury trial for sentencing issues when one pleads guilty without a trial pursuant to a plea arrangement, and stipulates to a factual basis in the probation report.

"[A] state court's interpretation of its statute does not raise a federal question." <u>Sturm v. California Adult Auth.</u>, 395 F.2d 446, 448 (9th Cir. 1967). This claim only presents a state sentencing error that is not a federal cognizable claim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991). To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." <u>Richmond v. Lewis</u>, 506 U.S. 40, 50, (1992) (internal quotation marks omitted). " 'A mere error of state law,' we have noted, 'is not a denial of due process.' " <u>Rivera v. Illinois</u>, 556 U.S. 148, 158, (2009) (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21, (1982)).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See e.g., <u>Miller v. Vasquez</u>, 868 F.2d 1116 (9th Cir. 1989). In <u>Miller</u>, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. <u>Id.</u> at 1118–19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law.

To the extent petitioner claims that the aggravating circumstances had to be tried to a jury (even after he accepted a plea offer), petitioner's claim satisfies neither AEDPA law nor common

sense. Cunningham v. California, 549 U.S. 270 (2007), has not been held by the U.S. Supreme Court to apply to sentences given because of the plea process. See Presley v. Johnson, No. 2:20-cv-01917 PA (GJS) (C.D. Cal. Apr.2, 2020); Morales v. Hartley, No. C 12-5311 PJH (PR), 2013 WL 5799997 (N.D. Cal. Oct. 28, 2013). It is not a viable claim under state law. People v. Stamps, 9 Cal. 5th 685, 700-701 (2020). Also, holding that one can waive a jury trial and agree to a plea arrangement which includes sentencing provisions, and then complain that the sentencing was not performed by a jury is quintessentially a *non sequitur*.

Accordingly, the undersigned recommends that petitioner's Claim 1 should be denied.

Claim Two

Claim 2 involves the assertion that counsel was ineffective because counsel did not object (enough) to the finding of aggravating circumstances which had the effect of having petitioner sentenced to the upper term on the primary offense (as was envisioned as a possibility in the plea agreement). Respondent claims that due to the nature of the Kelly stay, the present ineffective assistance claim is untimely. Respondent is correct.

There need be no long dissertation on the fact that a one-year statute of limitations applies to federal habeas petitions, calculated from the finality of the state court decision as defined by AEDPA. See 28 U.S.C. § 2244(d)(1)(A).[6]

As the facts set forth above demonstrate, Petitioner's case was final for AEDPA purposes 40 days after the decision of the Court of Appeal on September 18, 2017, making the case final on October 30, 2017.[7] See 28 U.S.C. § 2244(d)(1)(A); Cal. Rules of Court 8.264(b)(1) (Court of Appeals decision is final 30 days after filing); Cal. Rules of Court 8.500(e)(1) (Petition for review with the California Supreme Court must be served and filed 10 days after the Court of Appeal's decision is final). Ordinarily, the above one-year period is tolled during the pendency of state habeas petitions. 28 U.S.C. § 2244 (d)(2).

---

[6] Three other trigger dates apply to the commencement of the one-year limitations period. See 28 U.S.C. § 2244(d)(1)(B), (C), (D). However, these trigger dates have no applicability here.

[7] The fortieth day is a Saturday. However, because the last day ended on a Saturday, the period continues to run to the next day that is not a Saturday or Sunday. See Fed. R. Civ. P. 6(a)(1)(C).

5

Petitioner commenced his state habeas petitions prior to the finality of his direct appeal. The final state habeas petition was decided on April 18, 2018. The federal petition in this case was filed May 14, 2018. Therefore, assuming the state habeas petitions were properly filed, and gap tolling would apply, the state petitions precluded any commencement of the AEDPA limitations period but for approximately a month.  However, the ineffective assistance claim here was not exhausted, and the nature of a Kelly stay does not permit the timeliness of the filing of Claim 2 in the initial petition to be calculated from the date of the petition filing.  That is, in order to qualify for the Kelly stay, Claim 2 had to be deleted from the case when the "exhausted claims only" petition was filed, May 28, 2019, ECF No. 20, i.e., it was if as Claim 2 had never been filed in the initial petition.

Therefore, the AEDPA limitation period for Claim 2 started on the finality date of the first state habeas process, April 18, 2018.  Although the Kelly stay was approved by the district judge on August 2, 2019,  Claim 2 was not reincorporated into this case until the filing of the (second) First Amended Petition—September 25, 2020. Claim 2 was therefore filed nearly two and one-half years from the date the one-year statute of limitations began to run.  Although statutory tolling would ordinarily commence when the first state habeas petition seeking to exhaust Claim 2 was filed, the tolling was ineffective in light of the dismissal of the unexhausted claim—the statute had already expired. Consequently, Claim 2 is barred by the AEDPA limitations period.

Petitioner might argue that the issuance of the Kelly stay was an illusory event in that dismissal of Claim 2 was pre-ordained because of its belated inclusion in this federal litigation. And in this case, such might be true.   However, petitioner had the opportunity to request a Rhines "good cause" stay and/or equitable tolling, and his silence after respondent's answer is telling that no such good cause/tolling could be justified.

Accordingly, the undersigned recommends that petitioner's Claim 2 should be denied.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the

6

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's first amended habeas petition (ECF No. 29) be denied; and

2. The District Court decline to issue a certificate of appealability.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 20, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE